O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN RUBIN, an individual; HYDRO THERM TECHNOLOGIES GROUP, LLC, a Tennessee limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL BRISCOE, an individual; WESTBRIDGE MUTUAL, LLC, a California Limited Liability Company; DAYO BEVERLY, an individual; DANNY GOTVALD, an individual; et al.<br><br>    Defendants. | Case No.<br><br>CV 12-10140 DDP (Ex)<br><br>**ORDER TO SHOW CAUSE RE: FEDERAL CLAIMS** |

In this action, Plaintiffs' only federal claim is for violations of the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, et seq. ("RICO"). The Court hereby orders Plaintiffs to file a "Federal Claims Case Statement" on or before Friday, January 4, 2013. Failure to adequately respond to this Order may result in the dismissal with prejudice of all federal claims for relief.

**I.   Civil RICO**

The Case Statement shall include the facts that Plaintiffs rely on to support his RICO claims for relief.  It shall use the numbers and letters set forth below, and for each claim for relief state in detail and with specificity the following information:

1. <u>RICO Provision</u>.  State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).
2. <u>Defendants</u>.  List each RICO defendant and state the alleged misconduct and basis of liability of each defendant.
3. <u>Other RICO Violators</u>.  List all alleged RICO violators, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.
4. <u>Victims</u>.  List the alleged victims and state how each victim was allegedly injured.
5. <u>Pattern of Racketeering Activity</u>.  Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:
    a.   List the alleged predicate acts and the specific statutes which were allegedly violated;
    b.   Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c.   If the RICO claim is based on the predicate offenses of mail fraud, wire fraud or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R.

|   |   |   |
|---|---|---|
| 1 |   | Civ. P. 9(b) (Identify the time, place and contents of |
| 2 |   | the alleged failures to disclose and/or |
| 3 |   | misrepresentations, and the identity of persons to whom |
| 4 |   | and by whom the alleged misrepresentations and/or |
| 5 |   | failures to disclose were made); |
| 6 | d. | State whether there has been a criminal conviction for |
| 7 |   | violation of the predicate acts and if so, provide |
| 8 |   | particulars; |
| 9 | e. | State whether civil litigation has resulted in a judgment |
| 10 |   | with respect to the predicate acts and if so, provide |
| 11 |   | particulars; and |
| 12 | f. | Describe how the predicate acts are both "related" and |
| 13 |   | "continuous" within the meaning of H.J. Inc. v. |
| 14 |   | Northwestern Bell Telephone Co., 492 U.S. 229, 239 |
| 15 |   | (1989), and its progeny, including Allwaste, Inc. v. |
| 16 |   | Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995). |
| 17 | 6. | Enterprise. Describe in detail the alleged enterprise and |
| 18 |   | specify what structure it had. A description of the |
| 19 |   | enterprise shall include the following information: |
| 20 | a. | The names of the individuals, partnerships, corporations, |
| 21 |   | associations or other legal entities that allegedly |
| 22 |   | constitute the enterprise; |
| 23 | b. | Whether any named defendants are or were employees, |
| 24 |   | officers or directors of the alleged enterprise; |
| 25 | c. | Whether you are alleging that the defendants are or were |
| 26 |   | separate from the alleged enterprise, collectively |
| 27 |   | constitute the enterprise itself, or are or were members |
| 28 |   | of the enterprise; and |

      d.    Whether (and if so how) the enterprise was affected by or benefitted from the pattern of racketeering activity.

7. <u>Interstate or Foreign Commerce</u>.  Describe the effect of the activities of the enterprise on interstate or foreign commerce.

8. <u>Section 1962(a)</u>.  If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:
   a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and
   b. Describe the use or investment of such income.

9. <u>Section 1962(b)</u>.  If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:
   a. Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and
   b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

10. <u>Section 1962(c)</u>.  If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:
    a. State who is employed by or associated with the enterprise; and
    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

11. <u>Section 1962(d)</u>.  If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

12. <u>Injury to Business or Property</u>.
    a. Describe the alleged injury to business or property; and

```
 1         b.   Describe the direct causal relationship between the
 2              alleged injury and the violation of the RICO statute.
 3  13.  Damages.  List the damages sustained for which each defendant
 4       is allegedly liable.
 5  IT IS SO ORDERED.
 6
 7
 8  Dated: December 18, 2012
                                     _____
 9                                    DEAN D. PREGERSON
                                      United States District Judge
```