O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN RUBIN, an individual; HYDRO THERM TECHNOLOGIES GROUP, LLC, a Tennessee limited liability company,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL BRISCOE, an individual; WESTBRIDGE MUTUAL, LLC, a California Limited Liability Company; DAYO BEVERLY, an individual; DANNY GOTVALD, an individual; JESSE HATHORN, an individual; JON DIVENS, an individual; CHIP CANTRELL, an individual; LAW OFFICE OF JOHN DIVENS, LLC, a busines entity of unknown form; UNITY BANKCARD SERVICES, LLC, a California Limited Liability Company; BRUCE MURILLO, an individual; DARKSHORE FUNDING, INC., a defunct Nevada corporation; KEN MORELLI, an individual; JASON MICHAEL MEYER, an individual; HILARY C. WHITFILED, an individual; TOM OKEYO, an individual; BDP WORLDWIDE, LLC, a Georgia limited liability company; LINDA JAMISON, an individual; PELICO INTERNATIONAL FUNDING AND DEVELOPMENT, a business entity of unknown,<br><br>              Defendants.<br>_____ | Case No. CV 12-10140 DDP (Ex)<br><br>**ORDER DISMISSING PLAINTIFF HYDRO THERM** |

     Under the Federal Rules of Civil Procedure, "[t]o join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action. If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997)(internal citations omitted).

     Here, the claims by Plaintiff Brian Rubin and Plaintiff Hydro Therm Technologies Group, LLC,("Hydro Therm") do not arise from the same transaction or occurrence. The claims derive from distinct sets of facts and implicate distinct defenses. Accordingly, Plaintiff Hydro Therm is DISMISSED from this case. See Fed. R. Civ. P. 20, 21. Hydro Therm remains free to file an independent separate action. Should the separate action be filed, the court will accept the low number transfer.

IT IS SO ORDERED.

Dated: March 21, 2013

                                 DEAN D. PREGERSON
                                 United States District Judge